The first case on our call this morning is agenda number 10, case number 104-852, People of the State of Illinois v. Leonard Jamison. Ms. Atwood, are you ready to proceed? All right, you may proceed. Good morning, Your Honors. My name is Emily Atwood. I'm from the State Appellate Defender's Office in Chicago, and I represent Leonard Jamison. May it please the Court. This case presents a very narrow issue. When a defendant is assessed both the Violent Crime Victims Assistance Fund fine and the Criminal Traffic Conviction Surcharge, what amount of the Violent Crime Victims Assistance Fund should be assessed? In this case, following his burglary conviction, Leonard Jamison was assessed only the $4 Criminal Traffic Conviction Surcharge, which this Court held to be a fine in People v. Jones, and a $20 Violent Crime Victims Assistance Fund fine. The Violent Crime Victims Assistance Fund requires that fines be imposed on defendants convicted of felonies, misdemeanors, and certain motor vehicle offenses. According to 725 ILCS 240-10, there are two different ways to impose the fine. First, if other fines are imposed, an additional penalty of 10% of the total fines will be assessed. However, according to Subsection C of the statute, if no fines are imposed, a flat fine of $20 will be levied against the defendant. Therefore, if a defendant is assessed $1,000 in fines, according to Subsection B of the statute, a fine of $100 will be imposed, whereas if no fines are assessed, a flat fine of $20 will be imposed upon the defendant. By constructing the Violent Crime Victims Assistance Fund in this manner, the legislature guaranteed that each and every defendant would be required to pay some kind of fine, no matter how small. The plain language of the Violent Crime Victims Assistance Fund is exceedingly clear and very specific. If fines are imposed, an additional 10% of the total fines will be assessed, but if no fines are assessed, a $20 fine will be levied. However, in this decision, the appellate court ignored this very clear language and held that the plain language of the statute provides that the $4 assessment is an amount to be surcharged as an additional fine. It is considered after the imposition of any basic fines provided by other legislation. Ms. Appwood, you refer to over here on this side, you refer to the VCVA as 10%. It's actually $4 per 40, is it not? Yes. And your brief asks for an adjustment of 40 cents, but it would actually be $4 if you should prevail. Well, 4 out of 40 is... It's $4 per $40 of other fines, not 10%. That's what the statute says, is it not? It's not a big thing. It's just that your brief constantly refers to 10%, as opposed to the statutory language of $4 per $40 of other fines, unless that's been changed. My reading was that it was 10%, $4 out of 40 would be 10%. Okay. First of all, there is no language in the Violent Crime Victims Assistance Fund about when the Violent Crime Victims Assistance Fund fine would be imposed. The fines are imposed at the same exact fine. Also, there is no language in either the Violent Crime Victims Assistance Fund or the Criminal Traffic Convictions Surcharge about primary fines, as the State implies. Both the fines are merely fines. Applying the plain and ordinary language of the Violent Crime Victims Assistance Fund to Mr. Jamison's case, Mr. Jamison was also assessed the $4 surcharge. So applying the language, Mr. Jamison should have received a fine of 40 cents that would have been directed toward the Violent Crime Victims Assistance Fund. Additionally, it should be noted that the Criminal Traffic Convictions Surcharge was repealed in 2005. It is a distinct possibility that once the legislature realized that the 40-cent payments were the result, the legislature decided to abolish the surcharge. The legislature is reading the statutes in the same manner that we are. By repealing this provision, the legislature guaranteed that in circumstances such as this, the $20 fine would be imposed. The plain language of the Violent Crime Victims Assistance Fund requires an additional penalty of 10% of all fines imposed. Since Mr. Jamison was also assessed a $4 surcharge, the trial court erred in not assessing the 40-cent Violent Crime Victims Assistance Fund, not the $20 fine. Is your argument, Ms. Atwood, that the statute is plain on its face and supports your interpretation or the statute is ambiguous and therefore we should accept the defendant's interpretation? It's our argument the statute is plain on its face that under subsection B, if other fines are imposed, that an additional penalty of 10% of those fines should be assessed, whereas if there aren't any fines imposed, then a flat fine, I'm calling it a flat fine, of $20 should be assessed against the defendant. The statute's laid out very clearly. If there aren't any other questions, I'll conclude. Thank you, Ms. Atwood. Oh, you have more? No, just one. In summary, Mr. Jamison would respect the request that this Court reverse the appellate court's decision of finding that the $20 Violent Crime Victims Assistance Fund was properly imposed, vacate that fine, and impose a 40-cent Violent Crime Victims Assistance Fund fine. Okay, thank you, Ms. Atwood. Thank you very much. Ms. Needham? Good morning. May it please the Court, I am Mary Needham, Assistant Cook County State's Attorney, and I represent the people of the State of Illinois. The appellate court correctly construed the two statutes at issue in this case and properly concluded that the trial court's imposition of the $4 traffic surcharge did not preclude the imposition of the $20 VCVA. The appellate court did not consider defendant's argument that subsection B applied because defendant did not present that argument to the appellate court. In any event, subsection B does not apply, and that conclusion is supported by the language of the legislature used in passing the $4 surcharge. It cannot consider only the VCVA. The VCVA applies, requires imposition of a penalty, but you must look at the fines that are imposed. When we look at the fine that is imposed in this case, we see that the legislature has included language not included in other statutes authorizing penalties. While the surcharge is a fine for purposes of pre-sentence incarceration credit, here the legislature clearly expressed its intention that this penalty be construed differently than all the other fines. Ms. Needham, in Jones we did specifically deal with subsection C-9 and called it a fine for purposes of pre-trial incarceration. Absolutely. C-9 has since been revoked? It has been repealed. This section has been repealed. Another section, section C, has been amended to include the traffic and criminal conviction surcharge. It now provides $10 for every $40 of fine imposed and includes the same language that is in this C-9. Do you think that if we make our ruling in this case based upon the language of what was C-9 and has now been repealed, it would be equally applicable to the language that's in, I guess it's subsection C? Yes, I do. Because the legislature has used that same language calling this, while they haven't used the label surcharge, they repeatedly refer to this charge as an additional penalty, one to be added after to the total amount of fines, one to be assessed in addition to all the fines. It's the legislature that has provided this emphasis, not the appellate court that unduly emphasized this language. The legislature has also provided language that said the imposition of this traffic surcharge shall not affect the distribution of other fines, costs, penalties, and states that it shall not reduce the amount of any fine, penalty, or cost applied. If the statute is construed as defendant wishes, then certainly the imposition of this fine, which the legislature, pardon me, I keep saying that, has stated will not affect another fine, will affect another fine. It takes it out of the realm of being a $20 fine and, as defendant asks, makes it a $0.40 fine. The legislature's purpose in passing this legislation was to penalize offenders and raise money. An assessment of $0.40 doesn't penalize an offender and certainly doesn't raise money. You and the other counsel both talk about $0.40. The statute actually says an additional penalty of $4 for each $40 or a fraction thereof. So if it was a $1 fine, would it not be a $4 surcharge? If it was a $1? If there was another? Am I misreading? Because what you're agreeing with is that it's 10% and the statute doesn't say 10%. It doesn't say 10%. That's the mathematical formulation that's been deduced from the $4 to $40. Or a fraction thereof, I guess. We ignore the language that says or a fraction thereof? $40 or a fraction thereof? I don't think we should ignore the language. I guess I just was understanding the fraction thereof. I'm not being very strong in math myself. It's reducing that $4. In any event, a plain reading of the traffic surcharge statute makes it clear the legislature intended this to be something different. A fine for purposes of pre-sentence incarceration credit, but not a fine that is considered the same as a trauma fund fine, a controlled substance assessment. None of those statutes contain the language as in this statute that refer to it as an additional penalty, one to be assessed in addition to all fines and costs, one that shall not affect the distribution of other fines or shall not reduce the other fines. However, the victim, the VCVA says there shall be an additional penalty. It says it shall be in addition to fines and costs. It says that each such additional penalty shall be collected. That sounds like it's fairly similar language to what's contained in the traffic surcharge additional penalty. Maybe the only language that isn't there is pertaining to surcharge and distribution or reduction. Yes, it does include that language. Again, that's an expression of the legislature's intent to collect funds for these, to be contributed to these funds. The appellate court's decision was correct, and we ask this court to affirm that decision. Thank you. Thank you, Ms. Needham. Rebuttal, Ms. Atwood? I decline rebuttal and stand on my arguments in my briefs. Thank you, Ms. Atwood. Case number 104852, People of the State of Illinois v. Leonard Jameson, is taken under advisement as agenda number 10.